IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ELIJAH JACKSON, JR.,
        Plaintiff,

vs.                                          Case No. 5:11cv57/RS/CJK

KENNETH TUCKER, et al.,
        Defendants.
_____

ORDER AND
REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 95) Upon review of the complaint, the court concludes this case should be dismissed as malicious for plaintiff's abuse of the judicial process.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Plaintiff filed this action on August 17, 2011, complaining about the conditions of his confinement while housed at Calhoun Correctional Institution. (Doc. 95)  Specifically, plaintiff claims the Florida Department of Corrections has failed, *inter alia*, to implement voting rights reform pursuant to the Voting Rights Act

of 1965, ban smoking in all facilities holding inmates, implement conjugal visitation pursuant to the Defense of Marriage Act, provide air conditioning during the summer months, and implement renewable energy projects pursuant to state and federal law. (Doc. 95, 11, 16, 21, 22, 25)

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions *(besides those listed above in Questions (A) and (B))*[1] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), plaintiff marked "Yes." (Doc. 95, 9) The complaint form then asks a series of questions and directs the prisoner to describe each action, attaching additional pages if necessary. Though the handwriting borders on illegible, it appears plaintiff disclosed information regarding a 1994 complaint naming the Department of Public Safety as defendant. (Doc. 95, 9)

On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), plaintiff

---

[1] Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action. Plaintiff answered "No" to Question (A), and "Yes" to Question (B), disclosing one federal action filed in the U.S. District Court for the Middle District of Florida on April 18, 2003. (Doc. 95, 7)

*Case No: 5:11cv57/RS/CJK*

marked "No."  (Doc. 95, 9)  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Next to the subsequent questions, plaintiff directs the court's attention to his original civil rights complaint (doc. 1) for additional litigation history.  (Doc. 95, 9)  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (Doc. 95, 26)  Thus, plaintiff has in effect stated that he has never had any action in federal court dismissed prior to service.

As a matter of course, this court attempts to make an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further,  the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  *See* 28 U.S.C. § 1915(g).[2]  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.  As the Eleventh Circuit explained:  "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be

---

[2] Section 1915(g) provides that "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."

granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

The clerk has advised, and this court may take judicial notice, that at the time plaintiff initiated this lawsuit he had initiated at least one civil action in federal court that had been dismissed prior to service. While incarcerated, plaintiff filed *Jackson v. Aurora Loan Services, Inc.*, Case No. 8:04cv2790, in the United States District Court for the Middle District of Florida. The case was filed on December 27, 2004, and dismissed prior to service on December 29, 2004, because plaintiff failed "to make any sense of what his claim against Defendant consist[ed] of and in what respect Defendant . . . legally harmed him." Plaintiff did not disclose this case in the instant amended complaint. The foregoing case may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections inmate number, DC#979922.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior actions was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (Doc. 95,

7)  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. This court must not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff is warned that such false responses, filed herein or in the future, will not be ignored and may result in more severe and long-term sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (holding *pro se*, *in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is ORDERED:

That all pending motions are DENIED as moot.

And it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 20th day of September, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).